### MAIMEN v. UNION SPECIAL MACH. CO.

(Circuit Court of Appeals, Third Circuit. November 20, 1908.)

No. 23.

1. PATENTS (§ 328*)—INVENTION AND INFRINGEMENT—THREAD-CONTROLLING DEVICE FOR SEWING MACHINES.

The Woodward patent, No. 493,461, for a thread-controlling device for sewing machines, was not anticipated, covers a true combination, and discloses patentable invention; also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 318*)—SUIT FOR INFRINGEMENT—ACCOUNTING—EFFECT OF FAILURE TO MARK PATENTED ARTICLE.

In a suit in equity for infringement of a patent by a party who failed to mark the articles made thereunder as required by Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), he may nevertheless be decreed an accounting on account of infringement committed by defendant after notice given by the filing of the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 567; Dec. Dig. § 318.*

Accounting by infringer for profits, see note to Brickill v. City of New York, 50 C. C. A. 8.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 161 Fed. 748.

H. T. Fenton, for appellant.

Charles L. Sturtevant and Joseph C. Fraley, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. The opinion of the learned judge below, reported in 161 Fed. 748, so fully and clearly resolves the points in controversy that it seems unnecessary to paraphrase at length the reasoning by which his conclusions were severally attained. After careful consideration of all the points raised on appeal in behalf of the appellant, our conclusion is that the issues were rightly decided in the court below. In this court, as in that, the appellant rested his claim to anticipation mainly upon the Muther patent. That the pat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ent in suit, however, shows inventive advance upon that, as well as upon the prior art in general, has been clearly demonstrated. It must be admitted that the placing of an intermediate eyelet upon the top of the movable arm of the sewing machine was of itself a simple matter. Nevertheless results were thereby obtained which were previously obtained or attempted only by complicated devices. The simplicity of the invention is perhaps its chief merit, and certainly ought not to, and does not, preclude its validity.

As to the point made on behalf of the appellant that the claims in question do not set forth a true combination, but rather a mere aggregation of parts, we think the contrary is manifest. The eyelet, c, which comprises the invention, manifestly co-operates with the other elements of the combination, and without them could not perform its function. It is true that the elements of the combination do not act simultaneously; but that is immaterial, since they are nevertheless so arranged that the action of each is necessary and contributes to the general result. Upon this point the court below well said:

"Nor is the invention here to be characterized as merely putting on another eyelet, but consists in attaching it at such a place that it shall operate to a certain end in a certain way. Not only by producing a crook or bend in the thread, between the tension device and the needle arm, does the relative arrangement of the several eyelets pull off just so much more thread, thus supplying a needed slack in case of encountering an extra thickness of material, such as the ridge of a seam, but this slackness is in turn taken up by the action of the forward eyelet as the needle arm descends, keeping the thread taut and securing a tight stitch; and all this is so timed as to co-operate with the action of the looper, or under-thread carrier, as it is shot back and forth, into and out of the looper, at incredible speed, below the bed plate."

Infringement has been clearly established, and nothing need be added to what was said upon that point in the court below. The authorities there cited amply support a charge of infringement, when facts similar to those here presented appear.

Of the assignments of error one attacks the form of the decree, which required an accounting of profits and damages subsequent to November 14, 1904, the date of the filing of the bill of complaint. One of the issues raised by the pleadings was that, although the complainant had made and sold the patented article, it had failed to mark said devices as required by section 4900 of the Revised Statutes (U. S. Comp. St. 1901, p. 3388). There is no evidence in the record which shows or tends to show any actual or constructive notice to the defendant of the patent in suit prior to the filing of the bill of complaint. Under circumstances like these, however, an accounting of profits and damages subsequent to the date of the filing of the bill was allowed by this court in American Caramel Co. v. Thomas Mills & Bro. (C. C. A.) 162 Fed. 147. The mandate in that case, by implication at least, clearly permitted such an accounting, and we have not been referred to any controlling authority to the contrary. Turning to the statute upon this point, we find it enacts that:

"In any suit for infringement by the party failing so to mark [as previously prescribed in the same section] no damages shall be recovered by the plaintiff except on proof that the defendant was duly notified of the infringement and continued after such notice to make, use and vend the article so patented."

This goes no farther than to prohibit the recovery of damages without proof of notice. It prescribes no particular form of notice or any particular time for the accounting. To permit an accounting, therefore, after notice given by the filing of the bill, if the complainant shall establish its right thereto, does not contravene the statute, since, notwithstanding such notice, the complainant can recover no damages unless it affirmatively shows infringement after notice.

As the proofs now stand, the complainant can recover no damages; but, if he shall be able to show infringement after the bill was filed, we see no reason why it should not be permitted to do so, and to recover the amount so shown, and in this suit. By this procedure the statute is neither violated nor strained; but an opportunity is afforded the complainant to do at a later stage of the case what probably it should have done at an earlier. The question is one of procedure, rather than of jurisdiction, and therefore well within the control of the court, and an accounting may properly be allowed in order to avoid a multiplicity of suits. If the complainant's proofs, when taken, shall not affirmatively disclose infringement subsequent to the filing of the bill, it will be mulcted in costs, and the defendant will not have been injured.

We find no error, therefore, in the decree below, which is affirmed, with costs.