## WINE RAILWAY APPLIANCE CO. *v.* ENTERPRISE RAILWAY EQUIPMENT CO.

No. 356.   Argued January 16, 1936.—Decided March 2, 1936.

*Mr. Gilbert P. Ritter* for petitioner.

390

*Mr. M. K. Hobbs*, with whom *Mr. George I. Haight* was on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

In 1922, respondent, Equipment Company, sued the petitioner for infringing certain patents. April 25, 1923, petitioner, Appliance Company, by counterclaim, charged that respondent had infringed its patents and asked for damages. The District Court dismissed both bill and counterclaim. The Circuit Court of Appeals held one of

petitioner's patents valid and infringed and remanded the cause for an accounting.

The master reported (June 17, 1932) that profits amounting to $18,002.83 had been realized on the infringing device and recommended judgment for that sum. Of this total he attributed $5,490.77 to the period preceding the filing of the counterclaim and $12,512.06 to the subsequent one. The District Court approved; but the Circuit Court of Appeals, after citing many conflicting opinions by other Federal Courts, held no recovery could be had for anything done prior to the counterclaim. This ruling is challenged. To determine the issue, we must construe § 4900 R. S.; U. S. C., Title 35, § 49, which provides—

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

This section derives verbatim from § 38 of "An Act to revise, consolidate, and amend the Statutes relating to Patents and Copyrights," approved July 8, 1870, c. 230, 16 Stat. 198, 203, and has remained in force without change, presently important.[1]

---

[1] The Act of February 7, 1927, c. 67, 44 Stat. 1058, amended 4900 R. S. by inserting *"Provided, however,* That with respect to any patent issued prior to April 1, 1927, it shall be sufficient to give such notice in the form following, viz: 'Patented,' together with the day and year the patent was granted" immediately after the words "like notice" and before "and in any suit."

Section 4901, R. S.; U. S. C., Title 35, § 50,[2] penalizes the use of unauthorized marks upon manufactured articles "for the purpose of deceiving the public." Sections 4919 and 4921, R. S.; U. S. C., Title 35, §§ 67 and 70, permit recovery of damages for infringement of any patent.

The parties agree that issuance of a patent and recordation in the Patent Office constitute notice to the world of its existence. *Boyden* v. *Burke,* 14 How. 575, 582; *Sessions* v. *Romadka,* 145 U. S. 29, 50.

Neither petitioner nor another with its consent has ever manufactured or vended an article under the infringed patent. No actual notice of infringement was given respondent prior to the counterclaim.

Counsel for petitioner affirm that under § 4900, whenever a patented article is made or vended by one of those therein specified it becomes his duty to give sufficient notice to the public "that the same is patented" either by placing thereon or upon the label the word "Patented." Also, that, as penalty for failure therein, the defaulter is

---

[2] Section 4901, R. S.; U. S. C., Title 35, § 50. "Every person who, in any manner, marks upon anything made, used, or sold by him for which he has not obtained a patent, the name or any imitation of the name of any person who has obtained a patent therefor without the consent of such patentee, or his assigns or legal representative; or

"Who, in any manner, marks upon or affixes to any such patented article the word 'patent' or 'patentee,' or the words 'letters-patent,' or any word of like import, with intent to imitate or counterfeit the mark or device of the patentee, without having the license or consent of such patentee or his assigns or legal representatives; or

"Who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offense, to a penalty of not less than one hundred dollars with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed."

deprived of the right to recover damages for infringement, except upon proof that after notice, the defendant continued to make, use or vend. This construction, it is said, correctly we think, gives effect to every word in the section and carries out the legislative purpose.

Counsel for respondent submit—

Section 4900 requires a patentee or patent owner, whether or not he makes or vends, to give notice in one of the two alternative methods, (marking the article, or giving actual notice to the defendant) as therein specified. By plain language, the duty to give notice of infringement is imposed without limitation upon "all patentees and their assigns and legal representatives." Then the statute proceeds and imposes this upon "all persons making or vending any patented article for or under them." The duty to give notice is required not only of patentees and their assigns and legal representatives, but also the duty is imposed upon all persons making or vending under them. The purpose is not that notice may be given of the issuance and existence of a patent, but to prevent innocent infringement; and this is accomplished in two ways—by marking the article, if made, for all to see; or by sending an accusing notice. The section clearly does say that the three classes of persons named therein, (1) patentees, (2) assigns and legal representatives, and (3) all persons making or vending patented articles for or under them, must either mark the article of the patent in accordance with the statute or give notice to the accused infringer. Alternative methods of giving notice are provided by the statute; so no hardship is worked upon him who does not make and sell and no lack of harmony with other provisions of the patent laws exists. If the present edition of the statute means that giving notice is imposed only on those who make or sell, there would have been no necessity for changing the earlier enactments of the statute. The

whole matter could have been disposed of by saying "all persons who make or vend patented articles."

Obviously, but for § 4900, a patentee might recover for all damages suffered through infringement without giving prior actual notice to the infringer. That section subtracts something and creates an exception.

If respondent's position is correct, process patents and patents under which nothing has been manufactured may be secretly infringed with impunity, notwithstanding injury to owners guilty of no neglect. Only plain language could convince us of such an intent.

The idea of a tangible article proclaiming its own character runs through this and related provisions. Two kinds of notice are specified—one to the public by a visible mark, another by actual advice to the infringer. The second becomes necessary only when the first has not been given; and the first can only be given in connection with some fabricated article. Penalty for failure implies opportunity to perform.

If the word "patentees" is not qualified by "making or vending any patented article," the section would seem to impose on such persons a duty to the public impossible of performance when no article is made or vended by them. Also, if these words do not qualify patentees, then the words "same" and "thereon," are not easily understood.

Section 5, Act of August 29th, 1842, c. 263, 5 Stat. 544, declared, that it shall be an offense to place the word "patent" or "letters-patent" on any unpatented article with intent to deceive the public and prescribes a penalty recoverable by action.

"Sec. 6. . . . That *all patentees and assignees of patents* hereafter granted, are hereby required to stamp, engrave, or cause to be stamped or engraved, on each article vended, or offered for sale, the date of the patent; and if any person or persons, patentees or assignees, shall

neglect to do so, he, she, or they, shall be liable to the same penalty, to be recovered and disposed of in the manner specified in the foregoing fifth section of this act."

The Act of March 2, 1861, c. 88, 12 Stat. 249, provided—

"Sec. 13. . . . That in all cases where an article is *made or vended by any person under the protection of letters-patent,* it shall be the duty of such person to give sufficient notice to the public that said article is so patented, either by fixing thereon the word patented, together with the day and year the patent was granted; or when, from the character of the article patented, that may be impracticable, by enveloping one or more of the said articles, and affixing a label to the package or otherwise attaching thereto a label on which the notice, with the date, is printed; on failure of which, in any suit for the infringement of letters-patent by the party failing so to mark the article the right to which is infringed upon, no damage shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued after such notice to make or vend the article patented."

Section 38 of the Act of July 8, 1870, *supra,* became § 4900, R. S. Section 39—now § 4901, R. S.—is in the margin, *ante,* p. 393.

By the Act of 1842 (the earliest here important) *"all patentees and assignees of patents"* were required to mark "each article vended or offered for sale" and defaulters were subjected to a money penalty. The Act of 1861 directed that "in all cases where an article is made or vended by *any person under the protection of letters-patent,* it shall be the duty of such person to give sufficient notice to the public that said article is so patented, etc." It penalized default by taking away the right to recover damages, except, etc. The Act of 1870, prepared by the

Commissioners to Revise the Statutes (Act June 27, 1866, 14 Stat. 74)[3] made it the duty of *"all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented,"* etc. and penalized default as did the Act of 1861.

All these acts reveal the purpose to require that marks be put on patented articles for the information of the public. They undertook to specify those charged with the duty to attach such marks. In this regard, the meaning of the Act of 1861 is not open to question. The different language found in the Act of 1870 was intended, we think, to delimit the term "a person under the protection of letters patent," to describe the members of the class more definitely, and not to impose a new and different burden upon non-producing patentees. We find nothing adequate to support the notion that such patentees were deprived of the right theretofore existing to claim damages from an infringer unless and until he could be run down and served with actual notice.

The Circuit Court of Appeals erroneously sustained the respondent's position, because of the different language found in the Act of 1870. It said:

"The earlier statute provided 'that in all cases where an article is made or vended by any person under the protection of letters-patent, it shall be the duty of such person to give sufficient notice to the public that said article is patented, . . .' (12 Stat. 249.) That statute required any person making or vending an article under the protection of letters-patent to give the notice, whereas the present one requires that notice be given by all patentees and their assigns and legal representatives, and also, by all persons making or vending the patented

---

[3] Congressional Globe, Vol. 43, Part 5, pp. 2679–2684.
Congressional Globe, Vol. 43, Part 5, pp. 2679–2680.
Congressional Globe, Vol. 43, Part 5, p. 2680.

article. Thus under the earlier statute a patentee who did not make or vend the article was not required to give the notice, but under the present statute the patentee, his assigns and legal representatives must give it, whether they do or do not make or vend the article. This is the only difference between the two statutes, and in our opinion the amendment to the old statute as embodied in the new requires the patentee or his assignee who does not make or vend the article to give notice of the patent and limits the recovery for infringement thereof to damages sustained thereafter."

Under the interpretation which we accept, § 4900, R. S., provides protection against deception by unmarked patented articles, and requires nothing unreasonable of patentees. By admission, the Act of 1861 did not require a patentee who did not produce to give actual notice to an infringer before damages could be recovered; and there is nothing in the language or history of the Act of 1870 sufficient to indicate an intent to alter his position in this regard. This conclusion is in harmony with the language of *Dunlap* v. *Schofield,* 152 U. S. 244, 247.

The challenged judgment must be reversed. The judgment of the District Court is affirmed.

*Reversed.*