NIGHT CLUB FROCKS, Inc., v. WALTZ-TIME DANCE FROCKS, Inc., et al.

District Court, S. D. New York.

June 22, 1937.

Philip Fliashnick, of New York City, for plaintiff.

Cornelius Zabriskie, of New York City (Frank S. Moore, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

Defendants move to dismiss the bill of complaint on the ground that it fails to state facts sufficient to constitute a cause of action and on the further ground that the court has not jurisdiction of the suit.

The complaint prays for an injunction restraining the defendants "from selling, displaying or manufacturing any women's dresses made in accordance with and embodying the design embraced and covered by style No. 155 and designated as serial No. D–68895 in the office of the Commissioner of Patents of the Department of Commerce of the United States." Plaintiff also seeks an accounting and damages.

The complaint affirmatively alleges that an application for a design patent of the dress referred to as "Style No. 155" is pending before the Commissioner of Patents. It further appears that an interference has been filed by the defendant Joseph Galbo, who is alleged to be the president of the defendant corporation.

No patent has been issued for the dress style in question. Until a patent has been issued, an infringement suit will not lie. The rule was enunciated in Gayler v. Wilder, 10 How. 477, at page 493, 13 L. Ed. 504, by Chief Justice Taney as follows: "The inventor of a new and useful improvement certainly has no exclusive right to it, until he obtains a patent. This right is created by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is issued." See, also, Brown v. Duchesne, 19 How. 183, 195, 15 L.Ed. 595; Rein v. Clayton (C.C.) 37 F. 354, 3 L.R.A. 78; A. O. Smith Corporation v. Petroleum Iron Works Co. (C.C.A.) 73 F.(2d) 531. In the case last cited the court said at page 537: "No injunctive relief is available to an inventor between the date of application and the patent, for the duration of the monopoly is measured by the grant."

The suit must therefore fail as an action to enjoin the infringement of a patent.

It is suggested that the bill of complaint may be sufficient as stating a cause of action for unfair competition. If the complaint be viewed in that light, this court has no jurisdiction of the action. The complaint alleges the plaintiff to be a "domestic corporation with principal place of business in the Borough of Manhattan, City, County and State of New York." The complaint further alleges that the defendant corporation is "duly organized and existing under and by virtue of the laws of the State of New York and has its principal place of business in the Borough of Manhattan, City, County and State of New York." There is no allegation in the complaint respecting the residence of the defendant Joseph Galbo.

The complaint therefore fails to show any diversity of citizenship between the parties to this suit which would give this court jurisdiction to try the issues. 28 U. S.C.A. § 41. In fact, the contrary appears.

The motion will therefore be granted and the bill of complaint dismissed. Settle order on notice.