## GORDON v. EASY WASHING MACH. CORPORATION.

### Civil Action No. 193.

District Court, N. D. New York.

April 12, 1941.

See, also, D.C., 34 F.Supp. 292.

Banning & Banning, of Chicago, Ill. (Samuel Banning, of Chicago, Ill., of counsel), for plaintiff.

Theodore E. Simonton, of New York City, for defendant.

BRYANT, District Judge.

In view of the fact that it may be said, with at least some degree of accuracy, that the case is a continuation of James Gordon v. Westtown Electric & Appliance Company, 7 Cir., 103 F.2d 139, I here make no attempt to outline the history of the case or the patents involved. I am simply stating my conclusions so that appropriate findings and conclusions can be presented.

Defendant admits infringement of the so-called first Gordon Patent, being No. 1,-745,162, and has consented to an accounting thereon. It also admits that, under the holdings of the Westtown case, which it defended, it infringed Claim No. 9 of the so-called second Gordon Patent, being patent No. 1,795,023, through the manufacture and sale of the ironer at issue in that case.

Defendant's mechanism, referred to on this trial as the "First Modification", was used in the manufacture of some of defendant's ironers prior to the Westtown suit. It answered the same purpose and accomplished the same results as the infringing mechanism. There are two tripping contacts during a complete rotation of the cam. In the second Gordon patent and defendant's infringing mechanism these tripping contacts are made through the use of a rotating dog and two tripping members and in the so-called first modification the same results are obtained through the use of two rotating dogs and one tripping member. This latter arrangement seems "to involve a mere redisposition of functions as compared with the patent". The use of two moving lever ends for contact with one stationery tripping stop must be considered as equivalent to the means employed by plaintiff. I hold infringement.

Defendant's construction, called the second modification, differs from the so-called first modification in that, in the latter, the upturned end of the tripping stops are cut squarely across the line of travel of the lever end, affording a right angled contact between the moving and stationery members, while in the former the trip stop

finger has been slightly bevelled. Defendant contends that this change has eliminated the stop function featured in the patent claim. Probably the last construction does not afford a positive stop under the broad definitions of the words. Under the former, if there should be a jamming or an application of excessive pressure, the mechanism must break or the motor stall. While in the latter, under similar conditions, the trip finger would cam back to one side and permit the lever to slip past. However, under all normal conditions and operations, the stops perform the same functions. Infringement should not be avoided through a modification that makes no change except when the mechanism jams or runs under some other wholly abnormal set of conditions. I hold this modification infringes.

Plaintiff gave defendant notice of claimed infringement of the first Gordon patent. He gave no notice of claimed infringement of the second Gordon patent. He has never manufactured and claims the marking statute, R.S. § 4900, 35 U.S.C.A. § 49, does not apply. Wine Railways Appliance Co. v. Enterprise Railway Equipment Company, 297 U.S. 387, 56 S.Ct. 528, 80 L. Ed. 736. Some time prior to the commencement of the Westtown case, plaintiff brought action against the Maytag Corporation for alleged infringement of the so-called second Gordon patent. This was settled. One of the provisions of the settlement was that the Maytag Corporation could complete and sell about 2,500 machines using the infringing device. Defendant contends that this constituted the Maytag Corporation a licensee and that it became the duty of plaintiff to see that the 2,500 machines, manufactured and sold by the Maytag Corporation, were marked with the patent and number thereof; that, unless this was done, plaintiff cannot recover for any damages for infringement prior to the date of giving notice, which was the date of the commencement of the so-called Westtown suit. I must so hold. Hazeltine Corp. v. Radio Corporation of America, D.C., 20 F.Supp. 668. This failure to mark constitutes a bar to recovery for infringement of the so-called second Gordon patent for the period prior to the beginning of the Westtown suit.

Plaintiff may present findings, serving copy thereof on defendant. Defendant may have ten days to file objections and suggested modifications. Plaintiff may have five days in which to answer same.