## SWEETS LABORATORIES, Inc., v. PHIL SILVERSHEIN CORPORATION.

District Court, S. D. New York.
Aug. 28, 1942.

Harry Price of New York City. (Morris Hirsch, of New York City, of counsel), for plaintiff.

Moses & Nolte, of New York City (George A. Smith, of Philadelphia, Pa., of counsel), for defendant.

LEIBELL, District Judge.

Defendant, Phil Silvershein Corporation, moves under Federal Rules of Civil Procedure, rule 56(b), 28 U.S.C.A. following section 723c, for summary judgment for defendant dismissing the (second) amended complaint, with costs, as to all of the patents in suit. The motion is made on the said amended complaint and affidavits, on the following grounds:

"A. As to the product claims of patent 1,534,929, namely, claims 1, 2 and 3, on the ground that the only claim for relief is for damages and plaintiff neither alleges nor shows actual notice of infringement to defendant or marking of any product of plaintiff prior to this action as required by Section 4900, R.S.(U.S.C.A., title 35; sec. 49).

"B. As to the process claims of all of the patents in suit, i.e.,

in patent 1,534,929 claim 4
in patent 1,534,930 claims 1, 2 and 3
in patent 1,534,931 claims 1 and 2

on the ground that plaintiff neither alleges nor shows any practice of any process by defendant.

"C. As to said process claims, on the ground that the only claim for relief is for damages and plaintiff neither alleges nor shows actual notice of infringement to defendant or marking of any product of plaintiff prior to this action as required by Sec. 4900 R.S.(U.S.C.A., title 35; sec. 49)."

In the original complaint herein several defendants were named and the infringement of eight patents was charged. The original complaint was served on the Phil Silvershein Corp. on February 26, 1942. In a first amended complaint filed May 27, 1942, only the present defendant was named and six patents were alleged to have been infringed. In a second amended complaint filed July 16, 1942, only three patents were alleged to have been infringed.

This second amended complaint alleges that the plaintiff is the owner of the three patents here in suit and also a manufacturer and seller of modified and synthetic chicle for the chewing gum trade; that the defendant, Phil Silvershein Corporation, "is a jobber and seller of various types of chewing gum, which chewing gums are alleged to infringe the patents here in suit", The three patents in suit to which this motion is directed were issued April 21, 1925. Under the statute they expired April 21, 1942.

Paragraph "6" of the second amended complaint alleges: "6. Upon information and belief, said defendant, Phil Silvershein Corp. prior to and concurrently with the filing and service of the original Complaint herein, has received actual and constructive notice that said chewing gums infringe upon said patents."

■ Taking up paragraph "B" of defendant's notice of motion, directed at the alleged infringement of the process claims of all three patents in suit, there is nothing

in the complaint or in any of the affidavits to either charge or prove that the defendant, Phil Silvershein Corporation, practiced any of the processes described in the process claims of the patent in suit. The inference is clear that it did not. There seems to be no issue of fact as to the extent of defendant's activities. The defendant is a jobber and sells and distributes chewing gum already manufactured by others. Further, there is nothing to indicate that the defendant is chargeable with "contributory infringement", as in the case of General Electric Co. v. De-Forest Radio Co., 3 Cir., 28 F.2d 641, 648. The plaintiff argues that "There is no reason why the plaintiff should not be permitted to show at the trial that the defendant is a contributory infringer". There is no allegation in the amended complaint that the chewing gum base in the gum sold by this defendant was especially manufactured under an alleged infringing process at the request of this defendant. The description of the defendant in paragraph "3" of the amended complaint as "a jobber and seller of various types of chewing gum" without more either in the amended complaint or in the affidavits, is not sufficient to defeat defendant's motion for summary judgment as to the process claims of the patents. The motion is accordingly granted in that respect.

As to paragraph "A" of the notice of motion, relating to claims 1, 2 and 3, the product claims of patent No. 1,534,929, there is an allegation by plaintiff that it is a manufacturer and seller of modified and synthetic chicle for the chewing gum trade and that the plaintiff owns the patents in suit. There is no allegation that plaintiff marked its manufactured products with any notice to the world that it was made under these patents. In this suit for the infringement of the Letters Patent the party suing has failed "to mark the article the right to which is infringed upon", and thus under Section 4900 of the Revised Statutes 35 U.S.C.A. § 49, "no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make * * * or vend the article so patented". In none of the affidavits submitted by the plaintiff is any contention made that the article manufactured by plaintiff under its patents was in any way marked with notice of the patents under which it was manufactured.

The effect of the failure to mark is recognized by plaintiff in the sixth paragraph of its second amended complaint where the allegation is made that "prior to and concurrently with the filing of the original complaint herein", the defendant has received actual or constructive notice, that said chewing gums infringed upon said patents. The plaintiff's affidavits do not show the service of any notice of infringement upon this defendant prior to the service of the original complaint herein on February 26, 1942.

It has been held in another case that where a complaint served is relied upon as notice of infringement there should be either another bill of complaint filed or a supplemental bill "in which reliance could properly be placed on the original bill of complaint as notice of infringement in personam to the defendant therein". Hazeltine Corporation v. Radio Corporation, D.C., 20 F.Supp. 668, 674.

Defendant's counsel in their concluding memorandum on this motion state: "We have no more patience with technicalities than plaintiff's counsel, and have no desire to force plaintiff to file, formally, a fresh suit nor even to file a new paper called 'supplemental complaint' under Rule 15(d). We are satisfied, if the Court sees fit, to accept the argument on our motion for summary judgment as embodying, with ample notice to us, a motion by the plaintiff under Rule 15(d) and the acceptance of the paper called 'amended complaint pursuant to Rule 15(a)' as a supplemental complaint pursuant to Rule 15(d)."

Accepting that statement as a stipulation in the case I have concluded that the original complaint served February 26th may be considered the notice from plaintiff to defendant of the alleged infringement. Under the statute, Section 4900, and the decisions interpreting the same (Hazeltine Corporation v. Radio Corporation, D.C., 20 F.Supp. 668; Franklin Brass Foundry Co. v. Shapiro & Aronson, 3 Cir., 278 F. 435; General Motors Corporation v. Leer Auto Supply Co., 2 Cir., 60 F.2d 902; Gibson v. American Graphophone Co., 2 Cir., 234 F. 633; Wine Railway Appliance Co. v. Enterprise Railway Equipment Co., 297 U.S. 387, 56 S. Ct. 528, 80 L.Ed. 736), I believe that the plaintiff is not entitled to recover any damages against this defendant for any infringement of plaintiff's product patent

prior to February 26, 1942, because of the failure of plaintiff to properly mark the articles manufactured by plaintiff under its patents and its failure to give notice of any alleged infringement to the defendant prior to the service of the original complaint herein on said date. The defendant is entitled to partial summary judgment as to the product patent #1,534,929 in accordance with this decision.

No costs will be allowed on this motion or on the partial summary judgment to be entered thereon. Submit order on notice.