ROHM & HAAS CO. v. PERMUTIT CO.

Civ. 1525.

United States District Court
D. Delaware.

July 16, 1953.

RODNEY, District Judge.

■ This is an infringement suit and the questions arise from a motion to dismiss the complaint. Affidavits having been filed and not excluded, the questions are considered as on a motion for summary judgment under Rule 56, 28 U.S.C.

The complaint alleges the issuance of a patent to the plaintiff on February 24, 1953, covering, generally, matters relating to insoluble resins used in the treatment of water, and a notice of infringement is alleged in an affidavit to have been dated the same day. On the same day, February 24, 1953, this present action was brought.

With the motion to dismiss was filed an affidavit setting forth that the only plant owned or operated by the defendant in which polystyrene type anion-exchange resins had been made was completely closed by a strike from some time prior to February 24, 1953, until March 20, 1953, and this fact is in no manner denied, but is actually or tacitly admitted.[1]

The defendant contends that since no infringement could be shown prior to the issuance of the patent on February 24, 1953,[2] and no infringement can be shown on February 24, the date of the institution of the suit, by reason of the closing of the plant, the complaint must therefore be dismissed.

The plaintiff contends that the sole question is whether the defendant is now infringing the plaintiff's process and that if the proofs, including answers to interrogatories, reveal such present infringement, the plaintiff must prevail even though the defendant was not infringing on February 24 when the suit was brought. The plaintiff contends that by a supplemental complaint or by a new suit brought the questions of present infringement can be litigated and that the present motion for summary judgment should be denied. The plaintiff also contends that under the rule of Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581, an affidavit cannot be

Arthur G. Connolly and Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., for plaintiff.

Caleb S. Layton and Henry M. Canby (of Richards, Layton & Finger), Wilmington, Del., Clarence D. Kerr and W. P. Churchill (of Fish, Richardson & Neave), New York City, for defendant.

1. It seems to be assumed and agreed that the operation of defendant's plant covered, at least generally, the subject matter of plaintiff's patent and constituted the only claim of infringement.

2. Gayler v. Wilder, 10 How. 477, 493, 13 L.Ed. 504; Night Club Frocks v. Waltztime Dance Frocks, D.C., 19 F.Supp. 820.

considered as proof contradictory to well-pleaded facts in the complaint.

■ I shall first consider Hart & Co. v. Recordgraph, for if the present case comes within that ruling, there is nothing more to be said and the present motion must be denied. It is true that Hart & Co. v. Recordgraph held that an affidavit cannot be treated as proof contradictory to well-pleaded facts in the complaint, but I am of the opinion that the court only considered well-pleaded facts which, if admitted or established, would entitle the plaintiff to relief. As applicable to the present case, I am of the opinion that Hart & Co. v. Recordgraph did not intend to lay down a rule whereby even well-pleaded facts of an infringement subsequent to the institution of suit could not be tested by an affidavit showing no infringement prior to the institution of suit. I do not think Hart & Co. v. Recordgraph requires the denial of the motion.

Concededly, if the present motion for summary judgment should be granted and the complaint dismissed, a new suit could be instituted covering any infringements happening antecedently to the bringing of such suit. It is not necessary to consider now any matters concerning a supplemental complaint as indicated by the plaintiff, for none has been filed and no permission to file one has been sought.

This then brings me to the question as to whether an infringement suit can be maintained where there has been no infringement preceding in point of time the institution of the suit, but reliance is had upon claimed infringements subsequent to the commencement of the action.

■ The general rule of law is that a plaintiff's right to recovery depends upon his right at the inception of the suit and the non-existence of a cause of action when the suit is brought is a fatal defect which cannot be cured by the accrual of a cause of action pending suit.[3]

To the same effect are the cases in this Circuit cited in the footnote.[4]

The foregoing principle has been applied in patent cases. As said in Lambert v. Dempster Bros.,[5]

"As a condition precedent to the right of a patent holder to maintain an action for infringement of his patent, it must be established that the defendant has committed some act of infringement after the patent issued, prior to the institution of the suit, and before the expiration of the statute of limitations."

In Hazeltine Corporation v. Radio Corporation,[6] it is said "A cause of action for an injunction in a patent suit is not stated unless it be alleged that there has been an infringement of the patent before suit is brought * * *."[7] These are, indeed, but the following of the principle laid down in Slessinger v. Buckingham, C.C., 17 F. 454.

The plaintiff places some reliance upon the rule laid down in Maimen v. Union Special Machine Co., 3 Cir., 165 F. 440.

The cited case considered an action of damages for infringement of a patent where the goods had not been marked as "patented" and no notice of the infringement had been given pursuant to R.S. 4900[8] prior to the institution of the suit. The court held that the statutory notice of infringement which was required as a prerequisite to recovery of damages for infringement was sufficiently met, as far as concerns infringements subsequent to the institution of suit, by the bringing of the suit itself. It would appear from the cited case and

3. American Bonding & Trust Co. v. Gibson County, 6 Cir., 145 F. 871.

4. Bowles v. Senderowitz, 65 F.Supp. 548, 551, reversed on other grounds in Porter v. Senderowitz, 158 F.2d 435, 438, 439, where it is said to be a "well established rule of law that a plaintiff cannot recover unless the facts which constitute his cause of action are in existence at the time he begins his lawsuit. The general principle is, of course, indisputable."

5. D.C., 34 F.Supp. 610, 616.

6. D.C., 20 F.Supp. 668, 671.

7. It may be noted that the present suit originally sought an injunction but such prayer, by amendment, has been eliminated and a jury trial asked.

8. Now 35 U.S.C. § 287.

from its original determination in the lower court [9] that an infringement had been committed prior to the institution of the suit and other infringements occurred after such suit was brought. For the infringement prior to suit no damages were collectible because of the failure to notify defendant of the claimed infringement. For infringement after the suit was brought damages could be recovered because the bringing of the suit itself constituted the required notice. To the same effect are many cases, including Sweets Laboratories, Inc., v. Phil Silvershein Corporation, D.C., 48 F.Supp. 726. I am of the opinion that these and similar cases have no bearing on the requirement that in an infringement suit an act of infringement must have occurred prior to the institution of suit.

Since no contention is here made that any infringement existed prior to institution of the present suit, summary judgment for the defendant must be granted and an appropriate order may be submitted.

9. Union Special Mach. Co. v. Maimin, C. C., 161 F. 748.