Mr. Justice White,
concurring.
I agree with my Brother Black that the plain language and legislative history of § 271 (c) require the alleged contributory infringer to have knowledge of the infringing nature of the combination to which he is contributing a part. Otherwise I' share Mr. Justice Brennan’s view of this case.
Section 271 (a) imposes no comparable requirement of knowledge in the case of the direct infringer who makes or uses the patented combination and § 287 does not say that one who makes or uses without knowledge is not infringing. It specifies that the “infringer” is not liable for damages until notice of the “infringement.” In any event, § 287, as my Brother Brennan says, is not applicable here under Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co., 297 U. S. 387, because the patentee has not manufactured the article and has had no opportunity to mark it in accordance with § 287.
Here the patentee gave notice to Aro and I think it is liable on Ford tops sold by it after that date, but not before, unless it had knowledge from other sources. After the notice date, the knowledge requirement of § 271 (c) was satisfied and the use of Ford cars by the owners thereof was direct infringement providing the necessary predicate for contributory infringement under §271 (c).