889 F.2d 1099
 13 U.S.P.Q.2d 1911
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert M. DABIC and Dabico, Inc., Plaintiffs/Cross-Appellants,
v.
CRANEVEYOR CORPORATION, Defendant-Appellant,
Brutoco Engineering & Construction, Inc., Defendant.
 Nos. 89-1097, 89-1098.
 United States Court of Appeals, Federal Circuit.
 Oct. 5, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Craneveyor Corporation appeals the Order of the United States District Court for the Central District of California in Dabic v. Brutoco Engineering & Construction, Inc., No. CV 85-6753 (C.D.Cal. Oct. 12, 1988), denying Craneveyor's motion for relief from judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Robert M. Dabic and Dabico, Inc. (Dabic) cross-appeal the trial court's denial of Rule 11 sanctions and request attorney fees on appeal. We affirm in all respects and deny Dabic's request for attorney fees on appeal.
 
 OPINION
 A. Motion for Relief from Judgment
 
 2
 Because the denial of a Rule 60(b) motion is a procedural issue not unique to patent law, we apply the precedent of the regional circuit where such appeals would lie absent our exclusive jurisdiction over patent matters. See Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984) (in banc). The applicable regional circuit in this case, the Ninth Circuit, has established that a trial court's ruling on a Rule 60(b) motion may only be overturned if the trial judge has abused his discretion. Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir.1982).
 
 
 3
 Moreover, according to the Ninth Circuit, in order to prevail on a Rule 60(b)(3) motion, a movant must prove, by clear and convincing evidence, that fraud occurred, and that fraud denied movant a fair opportunity to litigate his case. Id. We conclude that the trial judge did not abuse his discretion in ruling Craneveyor failed to meet this burden.
 
 
 4
 Craneveyor's allegation that Dabic misrepresented dates submitted during summary judgment proceedings as "installation" dates of Dabic's invention, appears strained at best. There is no evidence that Dabic made any express misrepresentation that the dates submitted were installation dates. Further, it is doubtful that Dabic intended to be deceptive because it provided Craneveyor with the underlying documents used to compile the information submitted to the court. Those documents clearly identified the dates submitted as "order" dates.
 
 
 5
 We also reject Craneveyor's argument that the court improperly overlooked Craneveyor's assertion that Dabic had a strong motive for misrepresenting the order dates as installation dates. Craneveyor contends that 35 U.S.C. Sec. 287 mandates that Dabic have its patented invention properly marked and available for inspection so as to give notice to the public that its product is protected by a patent. By allegedly misrepresenting the order dates as installation dates, Craneveyor argues, Dabic sought to convince the trial judge that Dabic's patented and marked products were available for inspection as of the dates submitted.
 
 
 6
 Craneveyor, however, is mistaken as to the law. First, issuance of a patent gives constructive notice to potential infringers that patent rights exist. Wine Railway Appliance Co. v. Enterprise Railway Equipment Co., 297 U.S. 387, 393 (1936). Second, section 287 does not state that patented and marked products must be available for inspection to give notice to potential infringers, and Craneveyor has presented no other authority for such a proposition. This section merely limits a patentee's damages when patented products are placed on the market without proper marking. See generally Wine Railway, 297 U.S. at 393-97. That is not this case.
 
 
 7
 B. Motion for Rule 11 Sanctions and Attorney Fees
 
 
 8
 Despite our conclusion that on the evidence in this case the trial judge did not abuse his discretion in finding that Craneveyor did not meet a clear and convincing burden, Craneveyor did present some evidence calling into question whether Dabic was forthright in its representations. In view of the circumstances and the form of the information submitted by Dabic, however, we cannot say that the district court abused its discretion in denying Dabic Rule 11 sanctions.
 
 
 9
 Further, we determine this appeal to be neither "exceptional" (35 U.S.C. Sec. 285 (1982)) nor "frivolous" (Fed.R.App.P. 38), and thus decline to award Dabic attorney fees.