LORAL FAIRCHILD CORPORATION,
Plaintiff,

v.

VICTOR COMPANY OF JAPAN,
LTD., et al., Defendants.

LORAL FAIRCHILD CORPORATION,
Plaintiff,

v.

MATSUSHITA ELECTRIC INDUSTRIAL
COMPANY, LTD., et al., Defendants.

Civ. A. Nos. 92–0128–ARR, 91–5056–ARR.

United States District Court,
E.D. New York.

Nov. 7, 1995.

James H. Wallace, Jr., John B. Wyss, and Gregory Lyons, of Wiley, Rien & Fielding, Washington, DC; and Anthony W. Karambelas, Newport Beach, California, for plaintiff.

Douglas B. Henderson, Barry W. Graham, Robert E. Converse, Steven M. Anzalone, Jeffrey A. Berkowitz, and Vincent P. Kovalick, of Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, for the Sony defendants.

Arthur I. Neustadt, of Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, Virginia, for the Toshiba defendants.

John B. Pegram and Andrew T. D'Amico, Jr., of Fish & Richardson, P.C., New York City, for the Sanyo defendants.

William A. Streff, Jr., Esquire, of Kirkland & Ellis, Chicago, Illinois, and John Donofrio, of Kirkland & Ellis, New York City, for the Hitachi defendants.

Marvin N. Gordon, of Hopgood, Califafde, Kalil & Judlowe, New York City, for the NEC defendants.

Jared B. Bobrow and Matthew D. Powers, of Weil, Gotshal & Manges, Menlo Park, California, for the OKI defendants.

## MEMORANDUM OPINION

RADER, Circuit Judge (sitting by designation).

In this patent case, Loral Fairchild Corporation ("Loral") alleges infringement by defendants of certain claims of U.S. Patent 3,896,485. The '485 patent discloses structural features of and various uses of charge coupled devices ("CCDs"). Defendants deny liability and assert numerous defenses including invalidity, non-infringement, and lack of ownership. Defendants also assert that Loral did not comply with the marking requirements of the Patent Act. This court has scheduled this case for trial before a jury beginning on January 8, 1996.

This motion concerns the marking requirement. Defendants seek partial summary judgment to preclude Loral from recovering any pre-suit damages on the '485 patent due to Loral's alleged failure to mark its products. Because Loral did not show genuine disputes of material fact, this court grants the motion.

### BACKGROUND

On July 22, 1975, the United States Patent and Trademark Office issued the '485 patent to James M. Early. Early, in turn, assigned the patent to Fairchild Camera and Instrument Corporation. Loral alleges ownership of the '485 patent from Fairchild.

Fairchild did not manufacture products under the patent, but licensed the patent to numerous companies, including Matsushita Electric Industrial Company, Ltd. ("Matsushita"), Toshiba Corp. ("Toshiba"), and Nippon Electric Company, Ltd., d/b/a NEC Corporation ("NEC"). The parties do not dispute that these license agreements contained no provision requiring marking. Further-

more, Loral does not contend that any product sold under the licenses was ever marked with the '485 patent number.

In 1991, Loral filed a complaint, which forms part of this suit, alleging infringement of the '485 patent by numerous companies including Matsushita. Paragraph 68 of that complaint reads:

> 68. Defendant MECA, a wholly owned subsidiary of Defendant Matsushita–Japan, is infringing Loral Fairchild's '485 patent by the unauthorized use or sale of CCD devices within the United States that incorporate structure and/or methods claimed by the Loral Fairchild '485 patent. Defendant Matsushita–Japan is infringing and/or actively inducing infringement by MECA and others by manufacturing such devices incorporating structure and/or methods claimed by the Loral Fairchild '485 patent which are exported to the United States.

Docket Item ("D.I.") 1 (Civil Action 91–5056–ARR). Loral admits that this complaint is its first allegation of infringement of the '485 patent against the defendants in this case.

During discovery, Loral more particularly identified CCDs accused of infringement. In response to an interrogatory from Sony, Loral specifically identified the particular CCDs alleged to infringe the '485 patent. D.I. 370, Tab 2, Attachment F. In this listing, Loral, for example, includes the NEC 3551 CCD as an allegedly infringing product under the '485 patent. Moreover, the statement of undisputed facts filed with this motion shows that Loral's analysis of the NEC 3551 CCD revealed that the product corresponded directly or by equivalents to the technology protected by the '485 patent.

Matsushita separately sought a declaratory judgment to avoid liability for infringement of the '485 patent. Because Matsushita had a license for the term of the '485 patent, the United States District Court for the Southern District of New York granted Matsushita's motion for summary judgment. The United States Court of Appeals for the Federal Circuit affirmed the district court's decision. *Matsushita Electronics Corp. v. Loral Corp.*, 36 F.3d 1115 (Fed.Cir.1994) (Table).

Defendants contend CCDs identified by Loral as infringing the '485 patent were sold in the United States without marking during the terms of license agreements under the '485 patent. They cite to an unopposed declaration of Mitsunori Shima, an employee of Matsushita, dated October 8, 1995. In that affidavit, Mr. Shima states that all the allegedly infringing Matsushita CCDs listed by Loral were sold in the United States before September 12, 1991. He further avers that none of those CCDs bore the patent mark of U.S. Patent 3,896,485. Defendants further argue that Toshiba and NEC sold unmarked, accused CCDs during the terms of their license agreements.

Loral does not contradict these facts. Rather it argues that resolution of this motion must await a final determination of infringement.

### DISCUSSION

The Federal Rules of Civil Procedure permit entry of summary judgment only in the absence of genuine issues of material fact. Fed.R.Civ.P. 56(c); *C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, 911 F.2d 670, 672 (Fed.Cir.1990). In considering a summary judgment motion, this court must view the evidence in a light most favorable to Loral, the nonmovant, and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Palumbo v. Don–Joy Co.*, 762 F.2d 969, 973 (Fed.Cir.1985).

Where the moving party presents evidence showing the absence of a genuine factual issue, the nonmoving party must come forward with specific evidence showing a factual issue for trial. Fed.R.Civ.P. 56(e). It must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### The Marking Requirement

■ Section 287 imposes a duty upon patent holders to mark the patent number on

products they sell. 35 U.S.C. § 287(a) (1988) states:

> Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent. . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

This duty to mark extends as well to products sold under license. This marking requirement prevents patent owners from deceiving the public by distributing unmarked, and apparently copyable, articles which are in fact covered by a patent. *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 388, 397–98, 56 S.Ct. 528, 531, 80 L.Ed. 736 (1936). This provision does not apply to a patent owner who neither sells nor authorizes others to sell articles covered by the patent. *Id.* at 397, 56 S.Ct. at 531.

■ Failure to mark under section 287 limits recoverable damages. A patent holder may recover damages on unmarked goods only for periods after either the infringer received notice of infringement or the filing date of an infringement complaint. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed.Cir.1994).

In *Amsted*, the Federal Circuit clarified the type of notice required to allow pre-suit damages for unmarked goods. The appellate court stated:

> For purposes of section 287(a), notice must be of "the infringement," not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device. . . . It is irrelevant . . . whether the [accused infringer] knew of the patent or knew of his own infringement. The correct approach to determining notice un-

der section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer.

*Amsted*, 24 F.3d at 187.

■ A patent holder seeking to show compliance with the marking requirement under section 287 bears the burden of persuasion. In this case, Loral bears the burden of showing its affirmative compliance with the marking statute. *Dunlap v. Schofield*, 152 U.S. 244, 248, 14 S.Ct. 576, 577, 38 L.Ed. 426 (1894); *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed.Cir.1987).

■ This trial court must first determine whether the notice requirement of section 287 applies to a patent with both product and method claims. The notice provisions of section 287 do not apply to a process or method patent because there is nothing to mark. *Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578, 1581 (Fed.Cir.1983); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed.Cir.1983).

■ In this case, however, the '485 patent contains both product and method claims. The method claims describe particular ways of operating the claimed product. Loral asserts infringement of both the product and method claims against Matsushita and other defendants. The Federal Circuit has addressed directly the application of the marking requirement to patents with both product and process claims:

> The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent. The reason that the marking statute does not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark. Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a).

*American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538–39

(Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1647, 128 L.Ed.2d 366 (1994).

*American Medical* clarifies that a patentee must mark a product covered by a patent with both method and product claims. Consequently, the marking requirement attaches to the '485 patent. To recover damages for any period before the defendants received notice of infringement, Loral or its licensees had the statutory obligation to mark its '485 products.

## Notice Under the Marking Requirement

■ As noted earlier, section 287 limits damages for unmarked goods to the period after receipt of notice of infringement. Loral did not accuse the defendants in this case of infringement of any claims of the '485 patent before filing this suit. The defendants, however, had taken licenses under the '485 patent. Therefore, this court must determine whether defendants' awareness of the '485 patent through licensing and their alleged willful infringement of the patent supplied adequate notice under section 287.

The Federal Circuit has recently addressed this very issue. In *Amsted,* 24 F.3d at 181–83, the defendant's admission of copying led to a finding of willful infringement of the patented invention. The Federal Circuit nonetheless held that plaintiff could recover damages only after it had notified defendant of its infringement. Even prior knowledge of the patent sufficient to sustain a willfulness finding did not suffice to supplant plaintiff's affirmative obligation to provide notice of infringement to trigger damages on unmarked goods. In the words of the Federal Circuit, "notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement." *Id.* at 187. Such "notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.* Thus, "[i]t is irrelevant ... whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.; accord American Medical,* 6 F.3d at 1537 n. 18 ("The notice of infringement must ... come from the patentee, not the infringer.").

In this case, Loral did not supply the affirmative notice of infringement before filing of this action. Under the rules governing notice in lieu of marking, Loral did not present evidence that it supplied the sufficient notice. Consequently, Loral did not meet its burden of showing compliance with the notice requirement of section 287.

## The Burden to Present a Genuine Factual Issue

Having found section 287 applicable in this case, the court turns to whether any genuine factual issues preclude the entry of a summary judgment. Defendants focus their motion for a summary judgment on sales of CCDs by Matsushita, Toshiba, and NEC, all of whom had licenses under the '485 patent. Matsushita apparently was licensed for the entire term of the '485 patent.

■ As to Matsushita, the unopposed affidavit cited by defendants shows conclusively that Matsushita sold allegedly infringing, unmarked CCDs in the United States during the entire term of the license. The record shows that Matsushita made no sales outside the license. The record also shows Matsushita's license required no marking. Accordingly, Matsushita's products—licensed by Loral through the entire term of the '485 patent—bore no markings. Loral contests none of these facts. Moreover, Loral does not contend that it ever marked or required marking of a patented product. Loral also does not assert that it gave notice under section 287 to any of the parties in this suit. In sum, the evidence of the Matsushita products show that section 287 operates as a bar to damages before the filing of this suit.

■ As to Toshiba and NEC, Loral has not provided any evidence to question that they sold unmarked, accused devices during the term of the patent in the United States. Loral further provides no evidence that would show the unmarked, accused CCDs sold by Toshiba and NEC during the term of their licenses differed in any way from those CCDs they sold after the license agreements expired. In sum, Loral has made no showing that the products made by the other defen-

818

dants differ at all from the Matsushita products licensed without marking for the entire term of the '485 patent.

Loral simply argues that a genuine factual issue remains as to whether the CCDs sold by Toshiba, NEC and the other defendants infringe claims of the '485 patent. Loral contends that this court cannot rule on this motion until the finder of fact rules on infringement. These legal contentions, however, do not satisfy Loral's burden to present factual evidence showing a genuine issue of material fact.

Loral has consistently asserted in this case that the CCDs sold by Matsushita, Toshiba, and NEC in the United States infringe claims of the '485 patent. Defendants have conclusively shown these specific allegedly infringing CCDs were sold, unmarked, during the terms of license agreements with Fairchild. Loral has not withdrawn its claim of infringement of any of these devices. In sum, Loral has provided no evidence to show a genuine issue of material fact. *See* Fed. R.Civ.P. 56(e).

Rather than supply evidence creating a genuine factual issue, Loral has merely argued the possibility that the trier of fact could find that these CCDs do not infringe— a position inconsistent with Loral's pleadings, answers to interrogatories, statement of undisputed facts, and its interpretation of the scope of its patent, either literally or by equivalents. Loral cannot create a genuine issue of fact as to whether these licensed CCDs are covered by the '485 patent simply by arguing the possibility of such a result. *See Sinskey v. Pharmacia Ophthalmics, Inc.,* 982 F.2d 494, 498 (Fed.Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2346, 124 L.Ed.2d 256 (1993); *see also In re Yarn Processing Patent Validity Litigation,* 602 F.Supp. 159, 163 (W.D.N.C.1984).

On one level, this ruling means that even if Loral succeeds in convincing the trier of fact on infringement, it still has shown no facts under section 287 which would allow it to recover damages on the '485 patent before the date of filing of this suit. If Loral does not convince the trier of fact on infringement, section 287 is irrelevant. On another and more fundamental level, however, this court

has based its ruling on Loral's burdens under the Federal Rules of Civil Procedure. Loral has not supplied evidence to satisfy its burden under Rule 56.

To escape summary judgment on this motion, Loral might have shown: (1) evidence that the products made under the '485 patent were in fact marked; (2) a provision in its licenses requiring the defendants to mark the products made under the '485 patent; (3) actual affirmative notice of infringement given by Loral to the defendants before the filing of this suit; or (4) any other evidence creating an issue of material fact. Loral made no showing on any of these issues. It merely raised the prospect that the products might not infringe. Loral cannot satisfy burdens of proof with prospects.

This ruling does not establish that any device sold by defendants infringes any claim of the '485 patent. Rather, the court finds for purposes of this motion that Loral did not show a genuine issue of fact precluding summary judgment. Loral bore the burden to show a genuine issue of fact after the defendants showed evidence of non-compliance with marking throughout the term of the patent. Loral did not meet this burden.

### CONCLUSION

For the reasons set forth above, this court finds Loral did not show compliance with the requirements of section 287. Consequently, the court will grant defendants' motions for a summary judgment on this issue, precluding Loral from recovering damages for any infringing sales or uses under the '485 patent that occurred before the filing of this complaint.