Patrick F. McGrew, Baton Rouge, LA and Pamela B. Huff, Gunn, ·Lee & Miller, P.C., San Antonio, TX, for plaintiff.

William W. Messersmith, III and Joseph L. Spilman, III, Deutsch, Kerrigan & Stiles, New Orleans, LA, for defendants.

**K–TEK CORPORATION**

v.

**Rodley C. LOVETT and MTS Systems Corporation.**

**Civil A. No. 95–386.**

United States District Court, M.D. Louisiana.

Feb. 5, 1996.

## RULING ON DEFENDANTS' MOTION TO DISMISS

POLOZOLA, District Judge.

This matter is before the Court on a motion to dismiss filed by the defendants, Rodley C. Lovett and MTS Systems Corporation ("MTS"). For the reasons which follow, the motion is granted to the extent the plaintiff has filed a claim under 35 U.S.C. § 256. In all other respects, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

On April 7, 1995, K–Tek Corporation ("K–Tek") commenced this lawsuit against Rodley C. Lovett and his employer, MTS. K–Tek alleges that some time prior to February, 1990, its president, Marion Matherne, designed and developed a prototype for a new kind of fluid level gauge. K–Tek further alleges that in February, 1990, Matherne discussed the design with Lovett. Finally, K–Tek alleges Lovett appropriated the design for himself and MTS, and applied for a patent on the design in April, 1991. K–Tek contends that a patent on the design was issued to Lovett in August, 1992. Thereafter, Lovett allegedly assigned his interest in the patent to his employer, MTS. K–Tek later learned of the Lovett patent when one of K–Tek's attorneys conducted a patent search. In this lawsuit, K–Tek seeks: (1) declaratory relief stating that Matherne is the sole inventor of the gauge; (2) equitable relief commanding the Commissioner of the United States Patent and Trademark Office

to correct the inventorship of the patent; and (3) actual and punitive damages based on Lovett's alleged conversion of the design.

K–Tek alleges two grounds for the Court's subject matter jurisdiction. First, it argues that because this suit relates to patents, federal question jurisdiction exists under 28 U.S.C. §§ 1338 and 1331. Alternatively, it argues that diversity jurisdiction exists under 28 U.S.C. § 1332.

Lovett and MTS filed a motion to dismiss the suit pursuant to Rule 12 of the Federal Rules of Civil Procedure. The defendants contend that under Rule 12(b)(2), the Court does not have personal jurisdiction over Lovett. They also contend that under Rule 12(b)(6), the plaintiff has failed to state a claim upon which relief can be grounded. K–Tek timely opposed the motion. Subsequently, by letter dated September 14, 1995, counsel for the defendants notified the Court and opposing counsel that Lovett intended to waive his defense of lack of personal jurisdiction. Thus, the only issue presently before the Court is whether to grant the defendants' Rule 12(b)(6) motion.

## JURISDICTION

The plaintiff alleges the Court to have subject matter jurisdiction because this dispute is related to patents, an area of exclusive federal jurisdiction, and because there is complete diversity between the parties. The defendants contend that federal patent law is not involved in the case. The defendants concede the existence of diversity jurisdiction, and argue that the cause of action asserted against them is one for conversion based on Louisiana tort law. The defendants seek to have the suit dismissed because they contend it has prescribed under Louisiana's one-year prescription period applicable to such actions. The plaintiff seeks to rebut this analysis by referring to a specific regulation which allegedly creates a federal cause of action. In light of this federal cause of action, the plaintiff argues the Louisiana pre-

scription period is inapplicable. These competing arguments require the Court to determine whether federal question jurisdiction exists in this suit.

The plaintiff relies on 37 C.F.R. § 1.324 to support the argument that federal question jurisdiction is present in this suit. This regulation reads in pertinent part:

> Whenever a patent is issued and it appears that the correct inventor or inventors were not named through error without deceptive intention on the part of the actual inventor or inventors, the Commissioner may ... on order of a court before which such matter is called in question, issue a certificate naming only the actual inventor or inventors.

This regulation also interprets 35 U.S.C. § 256, which reads in pertinent part:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Commissioner may ... issue a certificate correcting such error.

■ Although the Fifth Circuit has not decided whether 35 U.S.C. § 256 applies to a case such as this one, federal courts in other jurisdictions have consistently held that the statute is not intended to correct situations in which one party fraudulently applies for and obtains a patent in his own name.[1] Instead, the statute is only intended to remedy innocent errors in joinder or non-joinder of actual inventors. The Court believes the cases set forth in footnote one of this opinion correctly interpret the law on this issue. Therefore, the Court joins with these other courts in finding that 35 U.S.C. § 256 does not apply under the facts of this case. *MCV Inc. v. King–Seeley Thermos Co.,*[2] cited by the plaintiff, is consistent with this interpretation. Since 35 U.S.C. § 256 does not apply, the Court has no federal question jurisdic-

1. *See University of Colo. Found., Inc. v. American Cyanamid,* 880 F.Supp. 1387, 1397–1400 (D.Colo.), *modified on reconsideration on other grounds,* 902 F.Supp. 221 (1995); *McMurray v. Harwood,* 870 F.Supp. 917, 918–20 (E.D.Wis. 1994); *Eldon Indus., Inc. v. Rubbermaid, Inc.,*

735 F.Supp. 786, 817 n. 16 (N.D.Ill.1990). *See also Dee v. Aukerman,* 625 F.Supp. 1427 (S.D.Ohio 1986).

2. 870 F.2d 1568 (Fed.Cir.1989).

tion. Thus, any claim asserted under 35 U.S.C. § 256 is dismissed for lack of subject matter jurisdiction.

## PRESCRIPTION

■ Since the plaintiff's sole remaining claim is one sounding in Louisiana tort law, the Court must determine whether this suit has prescribed. Conversion actions are subject to the one-year prescription period established by Louisiana Civil Code article 3492. It is not clear, however, whether the prescription period commenced running: (1) when Lovett applied for the patent; (2) when Lovett was issued the patent; (3) when K–Tek first learned of the Lovett patent; or (4) at some other time. The defendants refer the Court to *Wine Railway Appliance Co. v. Enterprise Railway Equipment Co.*[3] and *Sontag Chain Stores Co. v. National Nut Co.*,[4] in which the United States Supreme Court held that issuance of a patent constitutes constructive notice to the world of the patent's existence. The defendants argue that these cases compel the conclusion that the prescription period commenced running when the Lovett patent was issued in August, 1992. Under those facts, the plaintiff's cause of action would have prescribed in August, 1993. Since the Court has found that state law governs this dispute, the doctrine of *Erie Railroad Co. v. Tompkins*[5] precludes application of the cases cited by the defendants. Furthermore, the Supreme Court in those cases did not address the issue of when a prescription or limitations period commences to run. Thus, because it is not apparent from the face of the complaint whether this suit has prescribed, the motion to dismiss is denied. However, the Court reserves to the defendants the right to file a motion for summary judgment on the prescription issue.

Therefore:

**IT IS ORDERED** that the defendants' motion to dismiss any claim asserted under 35 U.S.C. § 256 be and it is hereby **GRANT-** ED. In all other respects, the motion to dismiss is **DENIED.**

---

**3.** 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936).

**4.** 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204 (1940).

**5.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).