**Edwin G. BEMIS, Plaintiff-Appellant,**

**v.**

**CHEVRON RESEARCH COMPANY, Standard Oil Company of California, and Stanley O. Hutchison, Defendants-Appellees.**

**No. 76–3597.**

United States Court of Appeals, Ninth Circuit.

July 2, 1979.

---

Walter N. Wetterman and Gilbert A. Thomas (argued), Tustin, Cal., for plaintiff-appellant.

William L. Mathis (argued), of Burns, Doane, Swecker & Mathis, Washington, D.
C., Lawler, Felix & Hall, Los Angeles, Cal., for defendants-appellees.

Before WALLACE and TANG, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM:

On March 12, 1976, the appellant, Bemis, filed a four-count complaint in the district court. The subject matter of the complaint was United States Patent No. 3,720,264 (hereinafter, "patent"); the defendants named in the complaint were Hutchison, the named inventor of the method and apparatus protected by the patent, Chevron Research Company, the assignee of the patent, and Standard Oil Company of California. The action was brought pursuant to 28 U.S.C. § 1338(a), as "arising under the Patent Laws of the United States".

The gravamen of the complaint was that Bemis, rather than Hutchison, invented the subject matter of the patent, and that Hutchison conspired with the other two defendants to defraud the Patent Office by filing a false application. By his complaint Bemis prayed that he be found to be the only true inventor of the patent, and that the Court direct the Commissioner of Patents to issue a corrected patent to him in conformity with the requested finding. The defendants moved to dismiss the complaint for failure to state a claim. The district court, upon consideration of the briefs and oral argument, granted the defendants' motion and entered a judgment of dismissal. This is an appeal from that judgment.

The issue raised on appeal is whether the district court erred in its conclusion that the relief sought by the plaintiff is without basis in the statutes governing reissuance of patents and thus whether the court erred in dismissing plaintiff's complaint for failure to state a claim.

* The Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

■ The remedy sought by appellant is a novel one. Upon his allegations that the defendants conspired to commit a fraud upon the Patent Office by wrongfully naming Hutchison as the inventor of the patent subject matter, while knowing the patent to have been invented by another, appellant seeks to substitute his name on the patent as inventor in place of Hutchison's. The appellant has premised his right to relief on 35 U.S.C. § 256, which provides, in pertinent part, that:

> Whenever a patent is issued on the application of persons as joint inventors and it appears that one of such persons was not in fact a joint inventor, and that he was included as a joint inventor by error and without any deceptive intention, the Commissioner may . . . issue a certificate deleting the erroneously joined person from the patent.

> Whenever a patent is issued and it appears that a person was a joint inventor, but was omitted by error and without deceptive intention on his part, the Commissioner may . . . issue a certificate adding his name to the patent as a joint inventor.

From a close reading of the statute, as well as the legislative history and the case law construing it, the inevitable conclusion is that § 256 is inapplicable, on the facts of this case, to secure to the appellant the relief he requests.

■ Section 256, though remedial in character, is limited in effect and cannot properly be the vehicle for substituting inventors on a patent in a claim sounding in conspiracy and fraud. The Congressional committee report on § 256 clearly demonstrates that the statute remedies only innocent errors in joinder or non-joinder of inventors:

> Section 256 is a new section in the law that is correlated with Section 116 and relates to a mistake in joining a person as a joint inventor. Very often two or three people make an invention together. They must apply as joint inventors. If they make a mistake in determining who are the true inventors, they do so at their peril. This provision permits a bona fide mistake in joining a person as inventor to be corrected.
>
> H.R. Report No. 1923, 82d Congress, 2d Sess. (1952)

The *Commentary on the New Patent Act,* which precedes the text of Title 35 in United States Code Annotated, explains that, while § 256 permits the deletion of a person named in a patent as a joint inventor or the addition of a person who is in fact a joint inventor, it does not reach to the substitution of one sole inventor for another.

> . . . It would not be possible under this section to change a patent which was issued with A as the sole inventor to one naming B as the sole inventor.
>
> 35 U.S.C.A. at 50.

Further, the Western District of Missouri, in *Rival Mfg. Co. v. Dazey Products Co.,* 358 F.Supp. 91 (W.D.Mo.1973), found that:

> Title 35, U.S.Code, Section 256, is limited to the correction of errors involving true joint inventorship and does not contemplate or permit what would amount to a substitution of one inventor entity for another under the guise of "correction"
>
> . . . . .
>
> *Rival Mfg. Co.,* 358 F.Supp. at 101.

The allegations of the complaint in this case fail to meet the statutory conditions pursuant to which patents may be amended or corrected. Paragraph 6 of the complaint alleges that:

> 6. On June 7, 1971, defendant, HUTCHISON, conspired with defendants, CHEVRON RESEARCH and STANDARD OIL to falsely and fraudulently sign an oath declaring himself the only true inventor of the METHOD AND APPARATUS FOR HIGH PRESSURE JET WELL CLEANING and assigned such invention to CHEVRON RESEARCH COMPANY which was United States Application No. 150,36.

Section 256 requires that the acts giving rise to the need for amendment or correction be inadvertent, brought about "by error and without deceptive intention". Clearly, the allegations of the complaint are

well without the circumstances for which § 256 was designed as a remedy. The appellant has failed to allege either joint ownership or innocence. In fact, his complaint alleges the opposite. Insofar as Bemis can prove no set of facts in support of his claim that will entitle him to the relief he has requested, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), it is evident that the district court properly dismissed the complaint for failure to state a claim.

Affirmed.