**Charles W. LEIGH, et al., Plaintiffs,**

**George Johnson, et al., Intervenors,**

v.

**Clyde William ENGLE, et al., Defendants.**

**No. 78 C 3799.**

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1989.

---

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The intervening plaintiffs in this case have moved under Rule 59(e), Fed.R.Civ.P., to alter or amend this court's judgment order entered June 15, 1989—demonstrating that the court was not unduly pessimistic when it predicted that it had not spoken the last word on this case. See *Leigh v. Engle,* 714 F.Supp. 1465, 1467 (N.D.Ill.1989). In their Rule 59(e) motion, the intervenors submitted a laundry list of errors. By the time they filed their memorandum in support of their motion, the intervenors gained wisdom, and grouped their objections into three categories. The court will address only those points discussed in the intervenors' memorandum, and disregard the intervenors' initial jeremiad.[1]

Rule 59(e) has two purposes in situations such as this one. First, it allows the intervenors to ask the court to reconsider its prior judgment and correct errors of law. See *United States Labor Party v. Oremus,* 619 F.2d 683, 687 (7th Cir.1980). Second, it allows the court to grant relief to the intervenors on those claims which the court has found have merit, but which the court's judgment order has ignored. See *Continental Cas. Co. v. Howard,* 775 F.2d 876, 883–84 (7th Cir.1985). The decision whether to alter or amend the judgment under Rule 59(e) is left to the sound discretion of the court.

The intervenors have three areas of disagreement with the court. First, they want the court to require Libco Corpora-

Ware Adams, Chicago, Ill., for plaintiffs.

Richard S. Moenning, Chicago, Ill., for intervenors.

Morton Denlow, Dardick & Denlow, and William D. Heinz, Jenner & Block, Chicago, Ill., for defendants.

1. With two exceptions: in its prior ruling, the court held that the Reliable Trust owed the National Boulevard Bank, the Trustee, $5,755.00. See *id.* at 1476. The Rule 58 judgment order, however, lists $4,755.00 as the judgment amount. The court will correct that error. See Rule 60(a).

Second, the intervenors rightly point out that it was inappropriate for the court to issue a Rule 58 judgment order (1) in favor of the Trust and against Nathan Dardick and Ronald Zuckerman in the amount of $44,763.45, and (2) in favor of Dardick and Zuckerman and against the Trust in the amount of $116,984.74. Both amounts were subject to contingencies, making

the judgment not final. A Rule 58 order was thus inappropriate on June 15, 1989. Since that time, however, Dardick and Zuckerman have not supplemented their petition for fees as recommended in *id.* at 1469 n. 5. The order which the court will enter today thus will be final as to the amount which Dardick and Zuckerman owe the Trust. As for the amount which the Trust owes Dardick and Zuckerman, the court finds no reason to make entry of judgment contingent any longer upon repayment of the Trust. The court's judgment today in favor of Dardick and Zuckerman and against the Trust thus is final as well.

tion, Clyde Engle, Nathan Dardick, and Ronald Zuckerman to reimburse the Reliable Trust—something which the court ordered previously—with interest. Second, they reject the court's wisdom in the handling of the Trust's affairs. Third, they want the court to award their attorney, Richard Moenning, higher compensation on account of inflation.

### Reimbursement of the Trust with Interest

■ In the court's previous ruling, it ordered Libco and Engle to pay the Reliable Trust $44,763.45. It ordered Dardick and Zuckerman to pay the same amount, although the court afforded them a limited opportunity to reduce their liability.[2] The intervenors do not contest the principal amount of these judgments; rather, they ask the court to order the defendants to make these awards with interest.

The intervenors' request comes too late. As the court noted in its prior opinion, briefing on the reimbursement and attorneys fees issues in this case began in November 1987 and extended for over one and a half years. See Leigh, 714 F.Supp. at 1467 n. 2. At no time during that period did the intervenors ask the court to consider whether Libco, Engle, Dardick, and Zuckerman had to reimburse the Trust with interest. In fact, the only pleading to which the intervenors direct the court[3] is their complaint, filed over nine years ago

while this case was pending before Judge Leighton of this district, which the intervenors ignored until now.

This court would have considered whether the Trust was entitled to interest had someone raised the issue in a timely manner, but no one did. In the interest of finality of judgments, the court will not amend its prior order to compel the defendants to pay interest on amounts for which they must reimburse the Trust.

### Administration of the Trust

The intervenors' second category of complaints about this court's prior ruling really should be labelled "Miscellany." The intervenors' arguments appear, disappear, and resurface like loons in a lake, although they are not as attractive. The court has reduced these objections to three; if the court has run roughshod over the intervenors' arguments, it is not in spite of the intervenors' clear presentation.

The three objections are:

(1) The court failed to make findings about a litigation reserve created by the Trust.

(2) The court's order that the Trust pay some of the legal fees of the Trustee, Dardick, and Zuckerman results in double compensation; the court should order Aetna Casualty & Sure-

---

2. Dardick and Zuckerman did not avail themselves of it. See note 1 above.

3. The intervenors state that they previously submitted legal authority for the payment of interest, Restatement of Trusts § 205(c) (1935), to the court. That section states: "If a trustee commits a breach of trust, he is chargeable with any profit which would have accrued to the trust estate if there had been no breach of trust."

By presenting this authority, the intervenors have not raised the issue of whether the defendants should pay interest on the amounts they must reimburse the Trust. First, the intervenors never presented this authority properly to the court while the parties were briefing the issue of reimbursement. They never referred to it in their briefs; instead, the citation was buried in a filing made on another issue from September 9, 1985, while this case was before Judge Moran of this district. The intervenors attached this filing as an appendix to their briefs on a dispute before this court about how

much money should be in the Trust. The intervenors' suggestion that they "presented" this authority is ludicrous.

The second problem with the intervenors' claim is that the court has never held that Libco, Engle, Dardick, and Zuckerman breached their trust in using Trust assets to pay their legal fees. The court's determination in Leigh v. Engle, 669 F.Supp. 1390, 1415 (N.D.Ill.1987), aff'd, 858 F.2d 361 (7th Cir.1988), that these defendants had to reimburse the Trust for moneys which the Trust advanced to them rested on the court's interpretation of the defendants' rights under the Trust's governing rules, not on a holding that these defendants breached the Trust in receiving fees. This distinguishes this case from Gorenstein Enterprises v. Quality Care—USA, 874 F.2d 431, 436-37 (7th Cir.1989), where the court held that victims of violations of federal law are presumed to be entitled to prejudgment interest. This court has never found that the defendants violated federal law in receiving advance sums for attorneys fees from the Trust, and will not consider such a claim on this motion.

ty Company of Illinois to pay these fees, or alternatively, prohibit Dardick and Zuckerman from paying Aetna any of the amounts which the Trust owes them.

(3) The court did not order the Trustee to distribute to the intervenors their fair share of the Trust.

The court will address these objections in turn.

1. The court has made all of the findings which were necessary to support the court's judgment as to the Trust's liability for attorneys fees, see *Leigh,* 669 F.Supp. at 1413–14, and the amount of that liability, see *Leigh,* 714 F.Supp. at 1471. As the court noted in its prior ruling, see *id.,* how much the Trust retained as a reserve for litigation costs and whether this amount was reasonable is inconsequential to the issues which are properly before the court. The court will not make further findings about the reserve.

■ 2. The court acknowledged the existence of an Aetna policy which insured the Trust's fiduciaries in its earlier ruling. See *id.* at 1468. While the intervenors' argument about who—Aetna or the Trust—ultimately must write the checks for these fees is inartfully presented, it is not frivolous. The court ordered the Trust to "reimburse" the Bank for $5,755.00 and Dardick and Zuckerman for $116,984.74. See *id.* at 1470, 1472. The intervenors' contention, put in a way which they have not, is that the Trust already has reimbursed these defendants, via the Aetna policy.

While the intervenors' argument is not frivolous, it is untimely. The legal issue of whether the Trust had to reimburse the Trustee, Dardick, and Zuckerman was before the court in *Leigh,* 669 F.Supp. at 1393, 1414–15. The time for the Trust, the Trustee, or the intervenors to plead satisfaction of this obligation was then. They did not do so, even though they knew about the Aetna policy at trial. See Trial Exhibit 400. The Trust and the intervenors thus could not have raised the issue of satisfac-

tion on a Rule 59(e) motion then, and they certainly cannot raise the issue on such a motion now. See *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986) (party cannot use Rule 59 motion "to raise arguments which could, and should, have been made before the judgment issued").

The intervenors suggest that the circumstances surrounding the Aetna policy indicate that the defendants and the court are tricking them out of an opportunity to avoid reimbursing the Trustee, Dardick, and Zuckerman for attorneys fees. The intervenors base this contention on the defendants' delivery in camera of their agreements with Aetna and with the original plaintiffs in this case to the court. The intervenors believe that were they to see these agreements, they would unmask a grand plot to bilk them of what little is left in the Trust.

The court will not decide if the intervenors' allegations about the Aetna agreements are true. The court asked the defendants to provide these agreements because at one time the court believed that the agreements could assist the court in settling this tiresome matter. The court abandoned that hope long ago, and as a consequence, the court has ignored the Aetna agreements. Every ruling which the court has made to date is based on documents which are in the public record, and to which the intervenors have had access at least as far back as 1987. See, for example, *Leigh,* 669 F.Supp. at 1413–14 (findings of fact regarding Restated Reliable Manufacturing Corporation Employees' Profit Sharing Plan and the Trust Agreement for the Restated Plan). The intervenors should examine their own house to find out why they cannot prevail on this issue at this time. Their counsel has performed inadmirably, or at least clumsily, throughout the litigation of this matter, perhaps with deleterious results for his clients.

The court thus will not explore the Aetna matter further.[4] As for the question of

---

4. If the intervenors wish to challenge this court's assessment of the Aetna agreements, they can appeal. The court will file the in camera documents under seal.

what Dardick and Zuckerman can and cannot do with their judgment, that issue too is not properly before the court on this motion. The court merely has granted judgment to Dardick and Zuckerman. They have not moved to enforce it. Until they do, this issue is not ripe for resolution.

3. The intervenors' third argument is frivolous. That this court has rendered judgments involving the Trust does not make this court the administrator of the Trust. If the intervenors wish to get money from the Trust, they should ask the Trustee. If the Trustee denies them their money wrongfully, they should sue the Trustee. The issues before this court for trial and for post-trial resolution were narrow and specific. See *Leigh*, 669 F.Supp. at 1393 (discussing issues for trial); *id.* at 1414–17 (setting forth proper issues for post-trial motions). If the intervenors believed that the court omitted to try certain critical issues or had ignored certain matters for post-trial resolution, they should have included that contention when they appealed this court's decision in *Leigh*, 669 F.Supp. 1390.[5] It is too late to present the issue of future administration of the Trust in this case.

*Attorneys Fees*

■ In this court's prior opinion, the court ruled that the intervenors' attorney, Richard C. Moenning, had spent a reasonable 807 hours in prosecuting the intervenors' claims. Mr. Moenning had asked the court to multiply this figure times $150.00, his current hourly rate, to obtain the "lodestar" amount of attorneys fees for the intervenors. Mr. Moenning spent more time justifying this figure as a risk multiplier, rather than arguing that it was a proper adjustment for inflation. The court rejected Moenning's request for a risk multiplier, and with it went Moenning's prayer for fees at his current hourly rate. See *Leigh*, 714 F.Supp. at 1473–76.

Four days after this court rendered its decision, the Supreme Court issued its ruling in *Missouri v. Jenkins by Agyei*, ⸺ U.S. ⸺, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). There the Court held that in awarding attorneys fees under 42 U.S.C. § 1988 (1982), it was appropriate to adjust for a delay in payment by awarding interest on attorneys fees incurred several years prior to an award of attorneys fees. See *id.* 109 S.Ct. at 2468–69. The care which the Court took in discussing this issue suggests that it would be an abuse of discretion not to adjust for inflation in cases where a significant period of time has passed between the incurring of legal costs and the awarding of fees.

The court thus holds that the intervenors are entitled to an adjustment for inflation, since more than three years has passed between the time their attorney worked for them (March 1984) and the time they petitioned for fees (December 1987).[6] That an adjustment is appropriate does not mean that the prevailing party is entitled to whatever adjustment he or she puts forth, however. As usual, the intervenors put forth a figure ($150.00, their counsel's current hourly rate) and assume that this accurately compensates them for the inflation that prevailed in 1980–87. While the court's calculations confirm that it does,[7] this appears to be an entirely fortuitous result. The court encourages parties to justify their rates better than the intervenors have, for the court is not inclined to do work which is clearly the responsibility of the party which petitions for fees.

The court will award the intervenors

---

5. When cases involving Rule 59 speak of granting relief on claims found to have merit but inadvertently ignored, they do not imply wholescale relitigation of every judgment entered. See *Continental Cas. Co.*, 775 F.2d at 883. This much is clear from the rule itself. See Rule 59(b) ("A motion for a new trial shall be served not later than 10 days after the entry of *the judgment.*") (emphasis added).

6. The court determined in *Leigh*, 714 F.Supp. at 1474 n. 10, that the standard for attorneys fees under § 1988 applies to this case.

7. The court made these calculations based on the discount rate of the Federal Reserve Bank of New York. See Bureau of Census, U.S. Dept. of Commerce, Statistical Abstract of the United States 502 (1989).

$121,050.00 in attorneys fees.[8]

## SUMMARY

The court grants the intervenors' motion in part and denies it in part. The court enters final judgment (1) in favor of National Boulevard Bank and against the Reliable Trust in the amount of $5,755.00; (2) in favor of the Trust and against Libco Corporation and Clyde Engle in the amount of $44,763.45; (3) in favor of the Trust and against Nathan Dardick and Ronald Zuckerman in the amount of $44,763.45; (4) in favor of Dardick and Zuckerman and against the Trust in the amount of $116,984.74; and (5) in favor of the intervening plaintiffs and against Dardick, Zuckerman, Libco, and Engle in the amount of $126,850.54. The court directs the clerk to file the documents submitted in camera to the court under seal.

See also 710 F.Supp. 233.

---

8. The intervenors reiterate their argument that a risk multiplier is appropriate in this case. They have brought no new authority to the attention of the court which would lead the court to conclude that the intervenors have carried their burden of proof on this issue. The court thus denies their motion to amend the court's prior judgment insofar as it denies the intervenors the benefit of a risk multiplier.