**RICHARD HOFFMAN CORPORATION, Plaintiff,**

v.

**LOEWS MERRILLVILLE CINEMAS, INC., et al., Defendants.**

No. 91 C 1476.

United States District Court, N.D. Illinois, E.D.

March 19, 1991.

Morton J. Rubin, Northbrook, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Richard Hoffman Corporation, Inc. ("Hoffman") has brought suit against Loews Merrillville Cinemas, Inc. ("Loews Cinemas"), Loews Theatre Management Corp. ("Loews Management"), Columbia Pictures Entertainment, Inc. ("Columbia") and Sony U.S.A., Inc. ("Sony"). Hoffman's Complaint purports to ground federal jurisdiction (a) on diversity-of-citizenship grounds, (b) under RICO (18 U.S.C. §§ 1961–1965 [1]) and (c) via pendent jurisdiction as well.[2] Based on its initial review of

---

**1.** Further references to RICO's provisions will simply take the form "Section—." That same citation form, omitting reference to the title number in the United States Code, will be used in this opinion to refer to provisions of the Judiciary and Judicial Procedure provisions of the United States Code (Title 28). There should be no confusion stemming from that dual usage, given the totally different section numbers involved.

**2.** It is difficult to understand just what is meant by the Complaint ¶ 2 reference to "the principals [sic] of pendent jurisdiction." If diversity of citizenship really exists, as the Complaint alleges and as Hoffman will have a further opportunity to establish, of course there are no pendent claims involved.

the Complaint,[3] this Court sua sponte dismisses the Complaint for lack of subject matter jurisdiction—but without prejudice to Hoffman's prompt curing of the jurisdictional defects referred to here.

■ Complaint ¶ 3 properly identifies Hoffman's dual citizenship in accordance with Section 1332(c)(1): Both its state of incorporation and its principal place of business are said to be in Illinois. Complaint ¶ 4 does the same for Loews Cinemas. But inexplicably Complaint ¶¶ 5 through 7 do not provide the requisite information as to any of the other three corporate defendants.

■ That obviously inadvertent pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see Section 1332(c)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 103–04 and n. 12, and cases there cited (1990 ed.); 13 B *id.* § 3624, at 610 & n. 20, and cases there cited (1984 ed. and 1990 pocket part). Federal jurisdiction cannot be based on surmise or guesswork.

■ Because it seems likely that the curing of that oversight by Hoffman's counsel would demonstrate that total diversity really does exist, Section 1653 permits this Court to afford Hoffman an opportunity to provide the curative allegations rather than its having to pay a second filing fee. But while Hoffman's counsel is about it, he would be well advised to take a hard look at the RICO claim that he has sought to advance.

There are at least three fundamental misconceptions disclosed by the purported RICO claim embodied in Complaint Count III—misconceptions that are often the hallmark of the lawyer who thoughtlessly decides it can't cost anything to throw such a claim into the hopper in addition to whatever other legitimate claims may be involved.[4] For one thing, counsel's notion of a "pattern of racketeering activity" is at war with the principles that have become clearly marked out in this sometimes murky area—see the directly applicable precedent in *Brandt v. Schal Associates, Inc.,* 854 F.2d 948, 952–54 (7th Cir.1988), which affirmed this Court's dismissal of a RICO claim on that very ground at 664 F.Supp. 1193, 1198–99 (N.D.Ill.1987). Second, counsel's obvious failure to understand the "person"—"enterprise" concept mirrors the comparable failure recently discussed by this Court in *S & M Exteriors, Inc. v. Amerimark Building Products, Inc.,* No. 91 C 1333, slip op., 1991 WL 36762 (N.D.Ill. Mar. 8, 1991), a copy of which opinion is attached to this opinion. Third, Hoffman's attempt to charge a conspiracy among the four defendants (Complaint ¶ 41B) appears to run afoul of the problems that are always encountered in linking up, as a claimed conspiracy, activities that have been carried on within a single controlled

3. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

4. Things do not appear to have changed much since this Court wrote, in the earlier developmental days of civil RICO (*Fields v. National Republic Bank of Chicago,* 546 F.Supp. 123, 124 (N.D.Ill.1982) (footnote omitted)):

> But like the myth of the lemming drawn to the sea, he follows the unfortunately all-too-prevalent trend of seeking to reshape the

claim into one that can be wrapped in the RICO mantle.

But that "what can it cost?" perception is dangerously mistaken. Unfortunately, sometimes the lure of seemingly easy money under RICO—treble damages and attorneys' fees—can prove not only misguided but enormously expensive. See this Court's further opinions in the *Brandt* case referred to later in the text (121 F.R.D. 368 (N.D.Ill.1988); 131 F.R.D. 485 (N.D.Ill.1990); *id.* at 512 (N.D.Ill.1990)), recounting the tragic incurring of nearly $450,000 in Fed.R.Civ.P. 11 sanctions by the plaintiff's lawyer in that case (sanctions imposed because of the known or easily knowable inadequacy of the *facts* essen-

corporate structure.[5] When Hoffman's counsel returns to the drawing board as he must, he would therefore do well to consider whether the revised Complaint ought to include a RICO count.

But whatever the determination on that score may be, the present Complaint must be and is dismissed for lack of subject matter jurisdiction, with leave to file an Amended Complaint on or before March 29, 1991. On the assumption that such a renewed effort is forthcoming, rather than Hoffman's electing to refile the lawsuit in a state court of general jurisdiction, this action is set for a status hearing at 9 a.m. May 8, 1991.

## APPENDIX

In the United States District Court

For the Northern District of Illinois

Eastern Division

S & M Exteriors, Inc., Plaintiff,

v.

Amerimark Building Products, Inc., et al., Defendants.

No. 91 C 1333

### MEMORANDUM OPINION AND ORDER

S & M Exteriors, Inc. ("S & M") has brought this action against manufacturer Amerimark Building Products, Inc. ("Amerimark") and two of its wholesale distributors, Tri–State Roofing and Siding Wholesale, Inc. ("Tri–State") and Lakeland Building Supply, Inc. ("Lakeland"), seeking to ground federal jurisdiction in RICO (18 U.S.C. §§ 1961–1965 [1]) and adding pendent state law claims of common law fraud and breach of contract. Based on its initial review of S & M's Complaint,[2] this Court sua sponte dismisses the Complaint for lack of subject matter jurisdiction.

Because of the presence of the non-RICO counts, attention should briefly be focused at the outset on the absence of complete diversity of citizenship as a possible alternative basis for federal jurisdiction. S & M is an Illinois corporation and hence an Illinois citizen (Complaint ¶ 3), and the same is true of both Tri–State (Complaint ¶ 5) and Lakeland (Complaint ¶ 6). Accordingly there is no predicate for federal jurisdiction unless a proper RICO claim has been set out in the Complaint. S & M's counsel are thus correct in labeling other claims advanced in the Complaint as entirely pendent, so that failure of the RICO count would require them to be dismissed for lack of subject matter jurisdiction as well.

That then leaves this Court to focus on the RICO component of the Complaint. S & M claims to have been victimized by a large-scale and continuing fraudulent scheme involving Amerimark-manufactured aluminum siding of substantially thinner gauge than it was represented to be. In terms of the elements of a civil RICO action asserting a violation of Section 1962(a), the Complaint has adequately identified:

1. the offending "persons"—all three defendants;

2. the necessary "enterprise"—again comprising all three defendants;

3. the "income"—what was derived from the sales of the Amerimark aluminum siding to S & M;

4. the "racketeering activity"—multiple predicate acts of mail fraud and wire

---

tial to underpin the Complaint, not the flaws in counsel's *legal* theory).

**5.** According to Complaint ¶¶ 4–7, Loews Cinemas is a subsidiary of Loews Management, which is itself a subsidiary of Columbia, which is in turn a subsidiary of Sony.

**1.** Further citations to RICO provisions will take the simple form "Section—."

**2.** This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

fraud (telephone calls) in connection with those sales; and

5. the requisite "pattern" of such activity—the ongoing series of such predicate criminal acts, with S & M being only one of a class of victims comprising the numerous purchasers of the defective aluminum siding.

That last component—the "pattern"—appears to satisfy in pleading terms what has been the most vexing issue occupying the federal courts up to and including the Supreme Court decision in *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)—and indeed thereafter in lower court decisions seeking to apply *H.J.* And because S & M does invoke Section 1962(a) rather than Section 1962(c), there is no problem caused by the identity between the designated "person" and the "enterprise" (our Court of Appeals was the first to make that distinction in *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 400–02 (7th Cir.1984), which has since become the leading case for what is now a well-established proposition).

Where S & M encounters its fatal difficulty, though, is in the price that every putative civil RICO plaintiff must pay for the last-mentioned ease of entry into Section 1962(a). What that section makes illegal is not simply the commission of the predicate acts of mail fraud or wire fraud—that is already done by 18 U.S.C. §§ 1341 and 1343. Instead Section 1962(a) criminalizes the *investment* of that income in the operation of the charged "enterprise." And because Section 1964(c) grants a private right of action only to "[a]ny person injured in his business or property *by reason of a violation* of section 1962,"

S & M must identify its own injury as stemming from the violation—from the investment of income in the enterprise—and not merely from the predicate acts themselves.

On that last score, this Court will not repeat the analytical exposition that it first set out in detail in *P.M.F. Services, Inc. v. Grady*, 681 F.Supp. 549, 555–56 (N.D.Ill. 1988). And although our own Court of Appeals has not yet been called upon to address the question, all but one of the Courts of Appeals that have—several of them citing and some of them quoting from *P.M.F. Services*—have agreed with that plain reading of Sections 1962(a) and 1964(c).[3] S & M's lawyers have not suggested, let alone alleged, the existence of that essential prerequisite of the Section-1962(a)–based RICO cause of action in the Complaint. Instead they stop short by alleging only the truism that each defendant has invested the allegedly ill-gotten gains in its own operation—and their shortfall is fatal to S & M's Section 1962(a) claim (as contrasted with S & M's common law fraud claim, which must be advanced in some state court of general jurisdiction and not in a federal court, due to the absence of diversity of citizenship).

Not much needs to be said about S & M's other purported RICO claims. Complaint ¶¶ 43 and 44 advert to Section 1962(b), as to which an identity between "person" and "enterprise" is also permissible (*Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1307 (7th Cir.1987)). But as with Section 1962(a), a private-party plaintiff's injury under the subsection must be caused not by the predicate acts alone, but by the act made criminal by Section 1962(b) itself: the

---

**3.** See the discussion and cases cited in *Sixth Annual RICO Litigation Update* 122–25 (Prentice Hall Law & Business 1990) (*"Update"*), followed at *id.* 126–28 by reference to the one contrary Court of Appeals opinion and the minority of District Court cases that take the same contrary view. Perhaps because it has fallen to this Court's lot to have written either the first or one of the first published opinions on a substantial

number of substantive RICO issues, it has been a regularly invited speaker and panel participant at Prentice–Hall, IICLE, American–Bar–Association and local-bar-association sponsored seminars on civil RICO at various locations around the country. Both for that reason and because of its general interest in the subject, this Court has made it its business to keep current as to ongoing civil RICO developments.

acquisition or maintenance of an interest in or control of the enterprise via the racketeering activity (*P.M.F. Services,* 681 F.Supp. at 556; *Update* at 122–25 and cases cited there). But Complaint ¶ 44 does not say that, alleging only instead:

> Each of Amerimark, Tri–State and Lakeland owns and operates an enterprise in interstate commerce through a pattern of racketeering activity in violation of 18 USC Section 1962(b).

Finally, as for the conspiracy claim purportedly based on Section 1962(d), as alleged in Complaint ¶¶ 45 and 46, by definition that rests on the already-exploded causes of action against the three defendants that S & M asserts under Sections 1962(a) and (b)—and three times zero is still zero.

### Conclusion

S & M's counsel, and hence S & M, have indulged an inadequate analysis of what it takes to get into the federal courthouse door via RICO's Sections 1962(a), (b) and (d). Because no federal-question jurisdiction has been established and because complete diversity of citizenship is lacking, the Complaint and this action must be and are dismissed sua sponte for lack of subject matter jurisdiction.

/s/ Milton I. Shadur
Milton I. Shadur
United States District Judge